UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERESA MOORE,   ) | |
| on behalf of J.L.M., a minor,   ) | |
| Plaintiff,   ) | |
|    ) | No. 1:10-cv-834 |
| -v-   ) | |
|    ) | HONORABLE PAUL L. MALONEY |
| COMMISSIONER OF SOCIAL SECURITY,   ) | |
| Defendant.   ) | |
| _____ ) | |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

Before this court is a Report and Recommendation issued by Magistrate Judge Scoville (ECF No. 11) recommending that the court affirm the Commissioner of Social Security's decision to deny child's supplemental security income benefits to J.L.M., whose mother (the Plaintiff here) had applied for benefits on his behalf. Plaintiff Moore has filed timely objections to the magistrate judge's recommendation.

For the reasons discussed below, the court accepts the Report and Recommendation and affirms the Commissioner's decision.

**I.    STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court

when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

"This court's review of the Commissioner's decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). So long as the Commissioner's decision is supported by substantial evidence, this court must affirm, even if substantial evidence also supports the opposite conclusion and even if the court would have decided the matter differently. *See Smith v. Chater*, 99 F.3d 780, 781–82 (6th Cir. 1996).

## II. DISCUSSION

Plaintiff first objects that neither the Administrative Law Judge ("ALJ") nor the magistrate judge addressed the findings of Dr. Jacob Weintraub, who had examined J.L.M. and found him to have "marked" limitations in the domain of "Interacting and Relating with Others."

Plaintiff did not, however, raise this claim with the magistrate judge. Indeed, Plaintiff did not even cite Dr. Weintraub's findings in her opening brief, and she only referenced them in passing in her reply. Nowhere did she argue that the ALJ erred by failing to address those findings. Thus, Plaintiff appears to have waived this argument. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act . . . permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the

2

district court stage new arguments or issues that were not presented to the magistrate."); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("Issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")).

In any case, Plaintiff does not show that the failure to discuss Dr. Weintraub's report, on its own, was reversible error. The ALJ's decision did not "selective[ly] inclu[de] only those portions of the report that cast [Plaintiff] in a capable light." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). Nor did the ALJ "'pick and choose' only the evidence that supports his position." *Hopkins v. Comm'r of Soc. Sec.*, 1:07-cv-964, 2009 WL 1360222, at *14 (S.D. Ohio May 14, 2009) (quoting *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000)). Instead, the ALJ discussed evidence on both sides of the issue and concluded that J.L.M. did not have a "marked" limitation in this domain. The magistrate judge properly determined that the ALJ's finding "easily withstands scrutiny under the deferential substantial evidence standard." Dr. Weintraub's report does not change that conclusion. Plaintiff's objection is therefore OVERRULED.

Next, Plaintiff argues that the magistrate judge should have found that J.L.M. had "marked" limitations in the domain of "Attending and Completing Tasks." Plaintiff objects to the magistrate judge's use of the Walled Lake Consolidated Schools Psychological Evaluation to support his finding, pointing out that the evaluation was far from positive overall. Among other things, the evaluation noted that J.L.M. worked inconsistently, had trouble transitioning from activity to activity, acted impulsively, and "demonstrated a significant level of distractibility." Plaintiff also points to an IEP report created one week later by the school as evidence that J.L.M. had a "marked" limitation in this domain. This report stated that J.L.M. "scored very low on the learning scale," had

3

"difficulty attending to academic tasks," and concluded that he scored in the 10th percentile of male children his age.

These objections lack merit. The Psychological Evaluation was only one element of many that the magistrate judge considered. Even assuming that the negative statements in the evaluation suggested "marked" limitations, they do not negate the significant amounts of contrary evidence detailed in the R&R. Further, it is far from clear that the negative aspects of these reports support a finding of "marked" limitations. A "marked" limitation is one that "interferes seriously with [one's] ability to independently initiate, sustain, or complete activities. . . . It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." 20 C.F.R. § 416.926a(e)(2)(I). Plaintiff does not show that J.L.M.'s inconsistency, impulsive behavior, and distractibility were so severe as to "interfere[] seriously" with his ability to attend and complete tasks. Indeed, if anything, the IEP that Plaintiff relies on supports the opposite finding when it concludes that J.L.M. tested in the 10th percentile. Assuming a normal distribution of scores (Plaintiff gives us no reason to do otherwise), two standard deviations below the mean is roughly equivalent to the bottom 2.3 percent. *See, e.g.*, *Johnson v. Astrue*, 563 F. Supp. 2d 444, 458 (S.D.N.Y. 2008) (citing J.L. Devore & K.N. Berk, *Modern Mathematical Statistics with Applications*, 787 (2007) ("The percentage of a group that scores two or more standard deviations below the mean in normally distributed data (which is the sort of data we would expect on a standardized test) represents only 2.3% of the population.")). J.L.M.'s score thus appears well within the "less than marked" limitation range. The evidence produced by Plaintiff on this point does not refute the magistrate judge's finding of substantial evidence in the ALJ's favor. This objection is therefore OVERRULED.

Finally, Plaintiff argues that the ALJ's consideration of her testimony did not satisfy the requirements of a proper credibility analysis.  She argues that neither the ALJ nor the magistrate judge adequately discussed the weight given to her testimony and the reasons for that weight, as required by Social Security Ruling 96-7p.  *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007).  But Plaintiff does not challenge the magistrate judge's finding that Social Security Ruling 96-7p applied only to the testimony of a claimant himself, not that of (in this case) his mother.  On this ground alone Plaintiff's objection fails.  But in any case, the magistrate judge adequately explained how the ALJ's decision satisfied the *Rogers* requirements, and Plaintiff's bare statement to the contrary fails to convince this court otherwise.  Finally, Plaintiff disputes the magistrate judge's characterization of her testimony as claiming that her son is unable to perform most activities of self-care.  But the hearing transcript clearly recounts her testimony that he cannot tie his shoes, can "barely" dress himself, is unable to brush his teeth, and is unable to bathe himself.  (A.R. 477–78.)  The ALJ and magistrate judge properly found this testimony to lack credibility.  This objection is therefore OVERRULED.

For the reasons discussed above, **IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 11) is **ADOPTED**, over objections, as the opinion of this court.  The Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Date:   September 20, 2012                                /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         Chief United States District Judge